## UNITED STATES v. ADAMOWICZ.
### No. 3250c.

District Court, D. New Jersey.
Sept. 11, 1946.

Edgar H. Rossbach, U. S. Atty., by Charles J. Tyne, Asst. U. S. Atty., both of Newark, N. J., for the Government.

Frederick M. P. Pearse, of Newark, N. J., for defendant.

FAKE, District Judge.

The issues here arise on a motion to dismiss made at the close of the Government's case.

The information alleges that the defendant rented certain premises on the first floor of a two-family house, the second floor being occupied by the landlord and that the landlord, the defendant herein, did, in bad faith and in violation of the provision of section 4(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 904(a), and section 6(a) (6) of the Maximum Rent Regulation No. 28 as amended and redesignated Rent Regulation for Housing, as amended, seek to recover possession of that part of the housing accommodations occupied by the tenants for immediate use and occupancy as a dwelling for herself and obtained possession by causing the tenants to vacate and be removed and evicted therefrom and the defendant "did not occupy nor did she intend to occupy said first floor apartment as a dwelling for herself but on the contrary in violation of the said Rent Regulation for Housing did, to wit, on or about the 1st day of March, 1944, rent said first floor apartment to another tenant; contrary to the form of the statute   *   *   *."

The evidence adduced before the court indicates that these parties had been extremely hostile toward each other for some months prior to the time when the tenants vacated the premises. Charges and counter-charges were made and on at least one occasion they resorted to a police court for settlement of their troubles. I am convinced from the testimony that the tenants, as well as the landlord, were desirous of having the tenancy end as soon as the tenants could make other arrangements. Some months prior to the latter part of January of 1944 when tenants vacated the property, divers notices had been served by the landlord through her attorney demanding possession and the issues arising thereon were brought into a district court of the Essex County Judicial District which cause of action was adjourned from time to time over a period of one month. The tenant husband testified that at the end of January they found another apartment and moved out.

The statute permits a landlord to dispossess a tenant if the landlord, in good faith, seeks to occupy the same. The issue before me is as to whether or not the landlord demanded possession for her own use in good faith.

I am convinced from the facts before me that so unhappy were the surroundings that the landlord, in good faith, did intend to occupy the premises held by the tenants even though it might put her to great inconvenience. Moreover, I am convinced that the tenants themselves desired to vacate as soon as they possibly could. The landlord and tenant proceeding in the county district court was adjourned by stipulation between the parties from January 21st to February 2d from which it appears that the parties had mutually agreed to hold the issues in abeyance until the later date and it was prior to that time that the tenants vacated. It appears from the information that it was not until March 1st thereafter that the defendant landlord rented the premises to another.

This is a criminal proceeding and the defendant is entitled to a reasonable doubt. However, in this case I have no doubt whatever but that the defendant by reason of the acrimony existing did intend to move into the apartment in question for the purpose of getting rid of the tenants. Upon the abandonment of the landlord and tenant suit there was no pressure pending by the landlord for possession, at least not so far as legal action is concerned, and I am convinced that the tenants left the premises voluntarily "the end of January 1944" having found pleasanter quarters. I know of nothing in the statute which prevents the defendant under these circumstances from changing her mind, and renting to another. Certainly, she had a right to do so between the time when the tenants left and the first of March thereafter when she rented to a third party.

The motion to dismiss is granted.